**People of the State of Illinois, Plaintiff-Appellant, v. James Cordovano, a/k/a James Cordavanna, Defendant-Appellee.**

Gen. No. 50,759.

First District, First Division.

April 8, 1968.

Rehearing denied May 13, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. J. Gildea, Assistant State's Attorneys, of counsel), for appellant.

Bellows, Bellows & Magidson, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

James Cordovano was indicted for violating a provision of the Election Code which prohibited ex-felons from voting. (Ill Rev Stats 1961, c 46, § 29–26.) The statute provided:

> "If any person who shall have been convicted of bribery, felony or other infamous crime under the laws of any state, and who has never received a certificate restoring his rights of citizenship from the Governor or court entitled to grant such certificate, shall thereafter vote or offer to vote at any election or primary, he shall upon conviction thereof be adjudged guilty of a felony, and, for each and every such offense shall be punished by imprisonment in the penitentiary for not less than two nor more than five years."

This section of the Election Code was repealed in 1963, (Public Laws, 1963, p 2569).

The indictment charged Cordovano with voting in the November, 1962, General Election held in the city of

Chicago after he had been convicted in 1954 in the U. S. District Court for the Northern District of Illinois, Eastern Division, for unlawful purchase and sale of heroin and cocaine. Cordovano never received a certificate of restoration of his rights of citizenship from the Governor, or a court entitled to grant such certificate.

Defendant filed a motion to dismiss the charges alleged in the indictment contending that the statute purportedly violated had been repealed and that the phrase "crime under the laws of any state" does not apply to federal violations. The trial judge, after a hearing of the motion and consideration of the briefs, submitted by defendant and the State, quashed the indictment. The State appeals pursuant to the former Illinois Supreme Court Rule 27 (4), now Rule 604(a), authorizing such appeals.

■ The State argues that the repeal of section 29–26 of the Election Code does not bar the instant prosecution. In People v. DeStefano, 64 Ill App2d 389, 212 NE2d 357 (1965), certiorari denied 385 US 821, 989 (1966), we considered precisely this argument. There, as here, defendant argued that the repeal of section 29–26 was tantamount to a legislative pardon and prosecutions thereunder which were not finally adjudicated prior to the date of repeal were abated. That argument was rejected. Defendant asks us to reexamine our opinion in DeStefano. Upon so doing, we fully concur with that conclusion. No new arguments in favor of the theory of legislative pardon have been raised and repetition of authorities cited therein is unnecessary.

The issue whether the language of the statute "convicted of bribery, felony or other infamous crime under the laws of any state" includes a conviction under the laws of the United States, has been decided. In People ex rel. Keenan v. McGuane, 13 Ill2d 520, 150 NE2d 168 (1958), Keenan was removed from public office after he had been convicted of the federal offense of income tax evasion. Keenan argued that convictions under the

108

federal law were not encompassed within the infamous crimes defined in section 7 of Division II of the Criminal Code. (Ill Rev Stats 1957, c 38, § 587.) In Keenan, the court stated:

> "Accordingly, we conclude that any public officer convicted, in the Federal court or in the court of any sister State, of a felony which falls within the general classification of being inconsistent with commonly accepted principles of honesty and decency, or which involves moral turpitude, stands convicted of an infamous crime under the common law as interpreted when our constitution was adopted in 1870, and that such conviction creates a vacancy in such office. This determination is not inconsistent with the legislative policy expressed in section 29–26 of the Election Code . . ." (p 534.)

Let us consider the area of legislative intent. Under the provisions of the Illinois Statutory Construction Act "all general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out." (Ill Rev Stats 1965, c 131, § 1.01.) One of the foundations of our American democracy is the sanctity and purity of elections. The Illinois Constitution in Article VII, Paragraph 7, (Ill Rev Stats 1967, p 21) provides:

> "The General Assembly shall pass laws excluding from the right of suffrage persons convicted of infamous crimes."

██ ██ It appears therefore that the basic purpose of these restrictions is to protect the ballot box. Can it then be said that a conviction of an infamous crime under the statutes of the United States is less objectionable than a similar conviction under State laws? The intent of such legislation is to protect the ballot box from corruption by a convicted felon, regardless of the place of conviction.

The judgment of the trial court is reversed.

Judgment reversed.

BURMAN, P. J. and MURPHY, J., concur.